IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

      Plaintiff,                      No. 2: 09-cv-2765 KJN P

    vs.

M.D. McDONALD, et al.,

      Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' December 3, 2010 motion to dismiss filed on the grounds that plaintiff failed to exhaust administrative remedies.  For the following reasons, further briefing is ordered.

        This action is proceeding on the amended complaint filed May 10, 2010, naming as defendants McDonald and Robertson.  Plaintiff alleges that he was placed on three lockdowns. The first lockdown began on December 27, 2008, and lasted for thirty days.  The second lockdown began on June 29, 2009, and lasted for fifty days.  The third lockdown began on September 11, 2009, and ended on October 20, 2009.  Plaintiff alleges that he was not allowed outdoor exercise during the lockdowns, as a result of which he allegedly suffered physical ailments and depression.

1

        Defendants argue that plaintiff failed to exhaust administrative remedies because all of his grievances regarding the lockdowns were denied because they were not filed within fifteen working days of the dates the lockdowns commenced. In California, the date for filing a grievance is fifteen working days from the date the administrative decision or action being complained of is taken. See Cal. Code Regs. tit. 15, § 3084.6(c). Defendants also observe that plaintiff did not appeal the decisions denying his appeals as untimely to the third level of review.

        In his opposition, plaintiff argues that his grievances should not have been "screened out" as untimely because he was challenging the length of the lockdowns and the injuries he suffered as a result of being locked down for long periods of time. Plaintiff also claims that a grievance he filed regarding a different lockdown was not "screened out" as untimely even though it was filed more than fifteen days after the lockdown began. Attached as an exhibit to plaintiff's opposition is a grievance he filed on January 20, 2011, challenging a lockdown that began on December 10, 2010, and which ended on January 20, 2011. (Dkt. No. 32, at 15.) Attached as an exhibit to plaintiff's opposition is a form titled, "Inmate Appeal Assignment Notice." (Id., at 14.) This form indicates that plaintiff's grievance regarding the lockdown that began on December 10, 2010, was sent to the staff for a first level response. (Id.) In other words, this grievance was not "screened out" as untimely.

        Although exhaustion is mandatory, an inmate must only exhaust administrative remedies "as are available." 42 U.S.C. § 1997e(a). Under Ninth Circuit law, exhaustion is excused when "improper screening" of grievances occurs. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). Sapp establishes that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under [§ 1997e(a) ]." Id. at 823. If prison officials screen out an inmate's grievances or appeals for improper reasons, the inmate cannot pursue the necessary administrative process, and, consequently, his administrative remedies become "unavailable." Id.

1    Defendants are herein ordered to file further briefing responding to: (1) plaintiff's claim that his January 20, 2011 grievance challenging the lockdown that began on December 10, 2010, was processed on the merits rather than "screened out" as untimely. If this grievance was not "screened out" as untimely, defendants shall address why the court should not find that plaintiff's grievances regarding the at-issue lockdowns were improperly "screened out" as untimely.

Additionally, defendants' briefing shall address: (2) the issue of a "timely" administrative grievance when a prisoner is not challenging the reason for a lockdown, but instead is challenging the duration of the lockdown. In such a circumstance, were plaintiff's grievances timely?

In his opposition, plaintiff also claims that he could not appeal his "screened out" grievances to the next level. Attached as an exhibit to his opposition is, according to plaintiff, a response by defendant Robertson to a grievance filed by plaintiff challenging one of the "screened out" grievances. (Dkt. No. 32, at 12.) Defendant Robertson states that plaintiff's appeal will not be processed because "the appeals screening process is not an appealable issue. You do not decide how your appeal is processed."

In their further briefing, defendants shall address: (3) whether plaintiff was able to appeal his "screened out" appeals to the next level of review.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, defendants shall file the further briefing described above.

DATED: May 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ran2765.fb

3