IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

        Plaintiff,                    No. 2: 09-cv-2765 KJN P

    vs.

M.D. McDONALD, et al.,         ORDER AND

        Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' December 3, 2010 motion to dismiss based upon the grounds that plaintiff failed to exhaust administrative remedies.  After carefully reviewing the record, the undersigned concludes that defendants' motion to dismiss should be denied.

        A. <u>Legal Standard re Exhaustion</u>

        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

However, a prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."

Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2010). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. at § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative remedies. Id. at 1119-20.

Although exhaustion is mandatory, an inmate must only exhaust administrative remedies "as are available." 42 U.S.C. § 1997e(a). Under the Ninth Circuit law, exhaustion is excused when improper screening of grievances occurs. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). Sapp establishes that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under [§ 1997e(a)]." Id. at 823. If prison officials screen out an inmate's grievances or appeals for improper reasons, the

inmate cannot pursue the necessary administrative process, and, consequently, his administrative remedies become "unavailable." Id.

### B. Plaintiff's Allegations

This action is proceeding on the amended complaint filed May 10, 2010, as to defendants McDonald and Robertson. Plaintiff alleges that he was placed on three lockdowns. The first lockdown began on December 27, 2008, and lasted for thirty days. The second lockdown began on June 29, 2009, and lasted for fifty days. The third lockdown began on September 11, 2009, and ended on October 20, 2009. Plaintiff alleges that he was not allowed outdoor exercise during these lockdowns, as a result of which he suffered physical ailments and depression.

### C. Analysis

Defendants argue that plaintiff failed to exhaust administrative remedies because all of his grievances regarding the lockdowns were denied as untimely. In particular, defendants initially argued that plaintiff failed to file his grievances within fifteen working days of the dates the lockdowns commenced. In California, the date for filing a grievance is fifteen working days from the date the administrative decision or action being complained of is taken. See Cal. Code Regs. tit. 15, § 3084.6(c). Defendants also observe that plaintiff did not appeal the decisions denying his appeals as untimely to the third level of review.

Regarding the lockdown that began on December 27, 2008, defendants state that there is no record of plaintiff submitting an inmate appeal regarding this matter between December 15, 2008 and January 28, 2009. (Dkt. No. 20-2, at 2.) Defendants state that on February 13, 2009, plaintiff submitted a staff complaint against defendant McDonald regarding the lockdown. (Id., at 2-3.) After reviewing the complaint, on February 13, 2009, the Hiring Authority decided not to accept the complaint as a staff complaint. (Id., at 3.) The complaint was sent to the appeals office for treatment as an ordinary inmate appeal. (Id.) The appeal was then screened out as it had not been filed within fifteen working days from the event or decision

being appealed. (Id.) Plaintiff did not appeal the screening out of his appeal through the third formal level of review. (Id.)

Regarding the lockdown that began on June 29, 2009, defendants state that on August 31, 2009 plaintiff submitted an appeal. (Id.) This appeal was also screened out due to plaintiff's failure to submit the appeal within fifteen working days of the event or decision being appealed. (Id.) Plaintiff re-submitted the same appeal on September 11, 2009, September 22, 2009, and September 30, 2009. (Id.) All three of these appeals were screened out due to plaintiff's failure to submit them within fifteen working days. (Id.) Plaintiff did not appeal the screening out of this appeal through the third formal level of review. (Id.)

Regarding the lockdown that began September 11, 2009, defendants state that on October 28, 2009, plaintiff submitted an appeal. (Id., at 3-4.) This appeal was screened out for plaintiff's failure to submit it within fifteen working days. (Id., at 4.) Plaintiff re-submitted this appeal on November 9, 2009. (Id.) This appeal was also screened out as untimely. (Id.) Plaintiff did not appeal the screening out of this appeal through the third formal level of review. (Id.)

In his opposition, plaintiff argues that his grievances were improperly screened out as untimely because he was not challenging the initiation of a lockdown, but instead was challenging the length of the lockdowns and the injuries he suffered as a result of being locked down for long periods of time. The undersigned observes that plaintiff's grievances were submitted within fifteen working days of the dates the lockdowns ended.

In his opposition, plaintiff also argues that a grievance he filed regarding a different lockdown was not screened out as untimely even though it was filed more than fifteen days after the lockdown began. Attached as an exhibit to plaintiff's opposition is a grievance he filed on January 20, 2011, challenging a lockdown that began on December 10, 2010, and which ended on January 20, 2011. (Dkt. No. 32, at 15.) Attached as an exhibit to plaintiff's opposition is a form titled "Inmate Appeal Assignment Notice." (Id., at 14.) This form indicates that

plaintiff's grievance regarding the lockdown that began on December 10, 2010, was sent to the staff for a first level response. (Id.) In other words, this grievance was not screened out as untimely.

In his opposition, plaintiff further argues that his attempts to appeal his screened out grievances to the next level were improperly denied. In support of this claim, plaintiff cites defendant Robertson's response to his attempt to appeal his grievance challenging the September 11, 2009 lockdown to the next level of review. Defendant Robertson screened out this appeal as an abuse of the appeal process because plaintiff had not reasonably demonstrated that the appeal issue adversely affected plaintiff's welfare. (Dkt. 32, at 12.) Defendant Robertson also wrote on the form, "The appeals screening process is not an appealable issue. You do not decide how your appeal is processed." (Id.)

On May 3, 2011, defendants were ordered to file further briefing responding to plaintiff's claim that his January 20, 2011 grievance challenging the lockdown that began December 10, 2010 was processed on the merits rather than screened out as untimely. Defendants were also ordered to address the issue of when a grievance challenging the duration of a lockdown is considered timely. Finally, defendants were ordered to address plaintiff's claim that his attempts to appeal his screened out grievance to the next level was improperly denied.

In their further briefing, defendants state that inmates challenging the duration of lockdowns have fifteen days from the conclusion of the lockdowns to submit their appeals. Defendants state that plaintiff's January 20, 2011 grievance challenged the duration of the lockdown, but his appeals regarding the lockdowns challenged in the instant action did not. Defendants state that plaintiff's January 20, 2011 appeal explicitly stated that he was challenging the "length of confinement." (See Dkt. No. 32, at 15.)

////
////
////

In their further briefing, defendants also state that the decision to screen out an appeal is not appealable issue. Defendants refer to the declaration of defendant Robertson attached to their further briefing which describes the procedures for challenging appeals screened out as untimely:

> The decision to screen out an inmate appeal is not an appealable issue. However, inmates will be provided with a CDCR Form 695 which provides them with an explanation as to why the appeal was screened out and instructions regarding what action the inmate can take, if any to comply with departmental regulations so he may resubmit his inmate appeal and not have it screened out. In the case of an appeal being screened out for a failure to comply with time limits, the inmate will be provided the opportunity to explain why he could not have submitted the appeal within applicable time limits. Once an appeal has been cancelled, an inmate may file a separate appeal on the cancellation decision. This information is provided to the inmate on the CDCR Form 695.

(Dkt. No. 35-1, at 10.)

Defendants argue that if it was plaintiff's position was that his appeals were improperly screened out, then once they were cancelled, he could appeal that cancellation decision. Defendants argue that there is no record of plaintiff submitting any separate appeal regarding the cancelling of his appeals as untimely.

For the following reasons, the undersigned finds that plaintiff's grievances were improperly screened out as untimely.

Attached to plaintiff's amended complaint is a copy of his grievance filed August 31, 2009, challenging the June 29, 2009 lockdown. (Dkt. 13, at 25.) In this grievance, plaintiff argued that he was wrongfully placed on lockdown as he was not involved in the incident that led to its imposition. (Id., at 26.) Plaintiff also argued that during the lockdown, he was denied access to the exercise yard, the canteen, law library, dayroom and laundry. (Id.) Plaintiff also argued that during the lockdown he was subject to painful searches. (Id.) Plaintiff also stated that,

////

> 1  After lockdown ended and I made it to the recreation yard I could
> 2  feel the negative affects of being denied exercise for 50 days. The
>    lockdown lasted for 50 days. I had to put in a medical slip because
>    I felt weak. I had pain and itching in my legs and my breathing
> 3  was weak. I suffered injury, both physically and emotionally.

4 (Id.)

5        Plaintiff's August 31, 2009 grievance challenging the June 29, 2009 lockdown
6 had sufficient language to put prison officials on notice that he was challenging the length of this
7 lockdown and the injuries he suffered as a result. This grievance stated the number of days the
8 lockdown lasted and that the length of the lockdown caused plaintiff to suffer injuries.
9 Defendants' argument that this grievance did not challenge the duration of the June 20, 2009
10 lockdown is without merit.

11        According to defendants, plaintiff could have appealed the screening out of his
12 appeals by filing a new grievance after the screened out appeals were cancelled. However, in a
13 September 30, 2009 memorandum screening out one of plaintiff's appeals as untimely, defendant
14 Robertson advised plaintiff that "if you would like to pursue this matter further, you must submit
15 an explanation and supporting documentation explaining why you did not or could not file your
16 appeal within the 15 working day time limit." (Dkt. No. 13, at 18.)

17        Plaintiff apparently followed the procedure described in the September 30, 2009
18 memorandum for challenging his screened out appeal. Plaintiff sent the appeals coordinator, i.e.
19 defendant Robertson, a memorandum informing him that his appeal challenging the June 29,
20 2009 lockdown was improperly screened out as untimely because he was challenging the length
21 of the lockdown. (Id., at 19.) In this memorandum, plaintiff stated that the "event was
22 continuous, the violations were continuous . . ." (Id.) After reviewing this memorandum,
23 defendant Robertson apparently still found that plaintiff's appeal was untimely.

24        Plaintiff's grievance and memorandum regarding the lockdown imposed June 29,
25 2009, were both improperly screened out as untimely. For these reasons, plaintiff was not
26 required to file a separate appeal challenging the screened out grievance. Sapp, supra.

Accordingly, defendants' motion to dismiss plaintiff's claim challenging the lockdown imposed June 29, 2009, should be denied.

Plaintiff's grievance challenging the lockdown that began on September 11, 2009, states that plaintiff should not have been placed on lockdown because he had nothing to do with the incidents leading to the imposition of the lockdown. (Id., at 32.) Plaintiff goes on to state,

> Still, I was denied outside exercise, contact visits, canteen, library access, laundry exchange, phone calls, dayroom. The lack of exercise negatively affected my health. I have asthma and high blood pressure so outdoor exercise is absolutely necessary to keep myself health. (See sick call slip attached.) I suffered and I'm still suffering."

(Id.)

After the grievance was screened out as untimely, plaintiff sent a memorandum to the appeals coordinator explaining that he was appealing the injuries he suffered after the lockdown ended:

> First and foremost, we (I) were (was) placed on lockdown on September 11th. The damage done to my health was recognized after I tried to exercise. My rights were violated until October 20, 2009. To simplify it for you, on October 20th 2009 my rights were violated. If you don't want to process the 602 don't process it. I'm not going to play these childish games...

(Id., at 30.)

The original grievance challenging the lockdown imposed September 11, 2009, was less clear that plaintiff challenged its duration. However, plaintiff's memorandum submitted after the grievance was screened out as untimely made it clear that he was challenging the duration of the lockdown. Because this grievance, and in particular the memorandum clarifying its scope, was improperly screened out as untimely, the motion to dismiss for failure to exhaust administrative remedies as to the lockdown imposed on September 11, 2009, should be denied. Sapp, supra.

////

        The court record contains little documentation regarding plaintiff's attempts to challenge the lockdown imposed on December 27, 2008. Defendants state that because plaintiff's grievance regarding this lockdown was screened out as untimely, the appeals office did not maintain a copy of the appeal. (Dkt. No. 20-2, at 3.) Plaintiff also has not submitted a copy of this appeal. In his opposition, plaintiff admits that he does not have these documents. However, plaintiff argues that this grievance was also improperly screened out as untimely.

        The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. Jones v. Bock, 549 U.S. 199, 216 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Because the record demonstrates that plaintiff's two grievances challenging the lockdowns imposed June 29, 2009, and September 11, 2009, were improperly screened out as untimely, even after plaintiff made clear that he was challenging their duration, the undersigned does not find that defendants have met their burden of demonstrating that plaintiff failed to exhaust administrative remedies as to his claim challenging the lockdown imposed on December 27, 2008. The fact that two of plaintiff's grievances challenging the duration of lockdowns were improperly screened out as untimely suggests that plaintiff's grievance challenging the December 27, 2008 lockdown was improperly screened out as well.

        Accordingly, IT IS ORDERED that the Clerk of the Court shall appoint a district judge to this action;

        IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 20) be denied.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1  objections shall be filed and served within fourteen days after service of the objections. The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: June 13, 2011

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

ran2765.mtd