IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

        Plaintiff,                      No. 2: 09-cv-2765 KJM KJN P

        vs.

M.D. McDONALD,

        Defendant.                 <u>ORDER</u>

_____/

        Pending before the court is defendants' motion to compel plaintiff to cooperate and testify at his deposition filed January 20, 2012. Defendants state that plaintiff refused to go forward with his deposition on January 13, 2012 because 1) he would not take his oath under penalty of perjury unless God Himself, or a representative of the Neterian Kemetic church, was present to swear him in; and 2) his name on the Notice of Taking of Deposition was spelled in all capital letters as opposed to lower case letters. In the pending motion, defendants also seek an award of attorneys' fees in the amount of $1431.77.

        Plaintiff did not file an opposition. Accordingly, on February 17, 2012, the court granted plaintiff fourteen days to file an opposition to defendants' motion. The February 17, 2012 order warned plaintiff that failure to file an opposition would be deemed a waiver of opposition. Fourteen days passed, and plaintiff did not respond to the February 17, 2012 order.

1

1   For the following reasons, defendants' motion to compel is granted.

2   At the deposition, the court reporter advised plaintiff of the oath: "You do
solemnly swear or affirm that the testimony you shall give in the matter pending shall be the
truth, the whole truth, and nothing but the truth?" (Dkt. No. 43-3 at 9.) Plaintiff objected that,
"[b]ecause of my religious beliefs I can't swear an oath to man, only to God." (Id.) When
defense counsel asked plaintiff if there was some other way he could take the oath, plaintiff
responded, "Only to God. Can't take an oath to man." (Id. at 11.) Plaintiff told defense counsel
that he could take the oath if God arrived. (Id.) Defense counsel decided to go forward with the
deposition and proceeded to ask plaintiff preliminary questions. Plaintiff objected that his name
on the deposition papers was spelled in capital letters. (Id. at 14.) Plaintiff stated that he would
not testify until this alleged misspelling of his name was corrected. (Id. at 17.)

Defense counsel then asked plaintiff if he would accept an alternative oath. (Id. at
18.) Plaintiff said that he would not accept an alternative oath, and that he could only give an
oath to God or a representative of God through his religion. (Id. at 18.)

Plaintiff's objection to the deposition on grounds that his name was misspelled in
documents related to the deposition because it was written in capital letters is frivolous. Plaintiff
refused to accept an alternative oath, stating that the only way he would swear to tell the truth
was if God or a representative of his church appeared at the deposition. These requests are
clearly unreasonable.[1] For these reasons, defendants' unopposed motion to compel is granted.
Plaintiff is directed to cooperate and testify at his deposition.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), defendants also request that
plaintiff be ordered to pay their expenses incurred in making the motion to compel. In his
declaration attached to the motion to compel, defense counsel states that $1431.77 was spent in
bringing the motion to compel. Because plaintiff is a state prisoner proceeding in forma pauperis

---

[1] Plaintiff has presented no evidence that his religion prevents him from taking the oath.

1  in this action, he has limited ability to pay the amount requested by defendants. However, based
2  on plaintiff's unreasonable conduct at the deposition, the undersigned finds that plaintiff should
3  pay the cost of the court reporter ($271.95). Accordingly, defendants' request for the award of
4  costs is granted in part. See Fed. R. Civ. P. 37(a)(5)(A)(iii) (court may deny request for costs if
5  other circumstances make an award of expenses unjust).

6        Plaintiff is cautioned that if he again fails to cooperate in discovery he may face
7  the dismissal of this action as well as the imposition of additional monetary sanctions.

8        Accordingly, IT IS HEREBY ORDERED that:

9      1. Defendants' motion to compel (Dkt. No. 43) is granted;

10     2. Defendants may depose plaintiff within forty-five days of the date of this order;
11 plaintiff shall cooperate and testify at the deposition;

12     3. Plaintiff is ordered to pay defendants $271.95 pursuant to Federal Rule Civil
13 Procedure 37(a)(5) within thirty days of the date of this order; if plaintiff is unable to make this
14 payment during that time, he shall arrange with defendants for when this payment may be made.
15 DATED: March 22, 2012

17               KENDALL J. NEWMAN
18               UNITED STATES MAGISTRATE JUDGE

19 ran2765.com