IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD RANDALL,

      Plaintiff,                        No. 2: 09-cv-2765 KJM KJN P

   vs.

M.D. McDONALD, et al.,             ORDER AND

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' May 1, 2012 motion to dismiss for plaintiff's failure to cooperate in discovery. (Dkt. No. 49.) Plaintiff has not opposed defendants' motion. For the reasons stated herein, defendants' motion should be granted.

Background

        On January 20, 2012, defendants filed a motion to compel plaintiff to cooperate and testify at his deposition. (Dkt. No. 43.) Defendants stated that plaintiff would not go forward with his deposition on January 13, 2012 because 1) he would not take his oath under penalty of perjury unless God Himself, or a representative of the Neterian Church, was present to swear him in; and 2) his name on the Notice of Taking Deposition was spelled in all capital letters as opposed to lower case letters. Plaintiff did not oppose defendants' motion to compel.

1

1    On March 22, 2012, the undersigned granted defendants' January 20, 2012 motion to compel. (Dkt. No. 48.) In this order, the undersigned noted that plaintiff refused to accept an alternative oath, stating that he would swear to tell the truth only if God or a representative of his church appeared at the deposition. The undersigned found this request to be unreasonable and that plaintiff had presented no evidence that his religion prevented him from taking an oath. The undersigned further found plaintiff's objection that his name was misspelled in documents related to the deposition because it was written in capital letters to be frivolous. The undersigned ordered that defendants could depose plaintiff within forty-five days and plaintiff was to cooperate and testify at the deposition. The undersigned also ordered plaintiff to pay defendants the cost of the court reporter ($271.95).

    On March 27, 2012, defendants served plaintiff with an amended notice of taking deposition scheduled for April 20, 2012 at 9:30 a.m. (Dkt. No. 49-2 at 1.) On April 9, 2012, defense counsel received an envelope which he had sent to plaintiff marked "Return to Sender" and "Unopened and Rejected." (Id.) Defense counsel did not open the envelope. (Id.)

    On April 10, 2012, defense counsel sent plaintiff a letter indicating that he had received an envelope which he had sent plaintiff and that failure to cooperate in discovery was unreasonable. (Id.) This letter told plaintiff that his deposition was scheduled for April 20, 2012 at 9:30 a.m. (Id.) This letter also told plaintiff that defense counsel had not received the $271.95 that plaintiff had been ordered to pay in the March 22, 2012 order. (Id.)

    On April 11, 2012, defense counsel received an envelope which he had sent to plaintiff marked "rejected." (Id. at 2.) Defense counsel has not opened the envelope to determine what is inside. (Id.) The postmark on this envelope is March 27, 2012, i.e., the same date that plaintiff was served with defendants' Amended Notice of Taking Deposition. (Id.)

    On April 18, 2012, defense counsel received another envelope he had sent to plaintiff marked "rejected." (Id.) Defense counsel has not opened the envelope to determine what is inside. (Id.)

On April 20, 2012, defense counsel went to California State Prison-Corcoran ("Corcoran"), where plaintiff is incarcerated. (Id.) The Corcoran Litigation Coordinator told defense counsel that plaintiff had already refused two orders to come out of his cell to attend the deposition. (Id.) Defense counsel went to the designated deposition location at Corcoran at the time the deposition was scheduled. (Id. at 3.) Plaintiff did not appear for the deposition. (Id.)

On May 1, 2012, defendants filed the pending motion.

On May 22, 2012, defendants' counsel filed a declaration stating that the motion to dismiss served on plaintiff was returned unserved with the envelope marked, "RTS–Inmate Refused Chrono on File." (Dkt. No. 50.) On May 24, 2012, the undersigned ordered plaintiff to show cause within fourteen days why this action should not be dismissed based on his failure to prosecute the action based on his refusal to accept defendants' motion. (Dkt. No. 51.) The undersigned warned plaintiff that his failure to respond to this order would result in the recommendation of dismissal of this action. (Id.)

Fourteen days passed and plaintiff did not respond to the May 24, 2012 order.

Discussion

Federal Rule of Civil Procedure 37 permits the court to impose sanctions – including dismissal – on a party that fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d). Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to justify terminating sanctions. U.S. for Use and Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., 857 F.2d 600, 605 (9th Cir. 1988). In addition, the "harsh sanction" of dismissal, even for "a party's repeated failure to appear for deposition," is only proper when the failure "is due to the willfulness, bad faith, or fault of the party." Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 525 (9th Cir. 1997).

////
////
////

Before a Court dismisses a complaint, it must consider:

> (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.

Hyde v. Drath & Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).

The undersigned finds that plaintiff's repeated failure to cooperate in his deposition was willful and in bad faith. As discussed above, plaintiff's objections to his first deposition were frivolous and meritless. Plaintiff's refusal to accept mail from defense counsel, which included the amended notice of deposition, demonstrates a willful and bad faith failure to cooperate in discovery. Plaintiff's refusal to come out of his cell for the deposition when defense counsel appeared at Corcoran on April 20, 2012, also indicates a willful failure to cooperate in discovery.

Plaintiff's conduct described above, including his failure to oppose defendants' motions to compel, demonstrate an unwillingness to participate and cooperate in discovery. Allowing an action to continue when one party fails to cooperate in discovery does not promote the public's interest in expeditious resolution in litigation. The court's need to manage its docket is also undermined by the repeated refusal of a party to cooperate in discovery. Defendants will be prejudiced if they are unable to depose plaintiff. If defendants are not able to depose plaintiff, it may be difficult to resolve this case on the merits.

The undersigned has considered the availability of less drastic alternatives. However, plaintiff's recent conduct in this action indicates that he is no longer interested in prosecuting this action. The previous order granting, in part, defendants' request for costs based on plaintiff's failure to cooperate in his previously noticed deposition apparently did not motivate plaintiff to cooperate at his deposition noticed for April 20, 2012. Under these circumstances, less drastic sanctions are not appropriate. For these reasons, dismissal of this action is appropriate.

Defendants have requested that they be awarded attorneys' fees and costs of $2,238.12 for the expenses incurred in bringing the instant motion and attempting to take plaintiff's deposition twice.

Federal Rule of Civil Procedure 37(a)(5)(A)(iii) provides that if the court grants a motion to compel, the court must require the party whose conduct necessitated the motion to pay the movant's expenses incurred in bringing the motion unless other circumstances make an award of expenses unjust.

In the motion to compel filed January 20, 2012, defendants requested that plaintiff be ordered to pay $1431.77 in expenses. In the March 22, 2012 order addressing this request, the undersigned found that plaintiff, as a state prisoner proceeding in forma pauperis, had a limited ability to pay the amount requested by defendants. Based on plaintiff's unreasonable conduct, plaintiff was ordered to pay the cost of the court reporter ($271.95). At this time, plaintiff has not paid this money to defendants.

Because of plaintiff's continued limited ability to pay, plaintiff is ordered to pay the cost of the court reported ($295) for the April 20, 2012 deposition. Defendants' request that plaintiff be ordered to pay the additional amount sought is denied.

Accordingly, IT IS HEREBY ORDERED that defendants' request for expenses associated with bringing the motion to compel filed May 1, 2012 is granted in part; plaintiff is ordered to pay defendants $295 pursuant to Federal Rule of Civil Procedure 37(a)(5) within forty-five days of the date of this order;

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Dkt. No. 49) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: July 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ran2765.mtd